# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| MARSHALL H. FOSKEY, | ) | 5:10-CR-24 (MTT) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on Marshall H. Foskey's Motion Requesting *Faretta* Hearing/Motion to Dismiss Counsel (Doc. 60) (the "Motion") and the motion made in open court by the Defendant's counsel, Christina Hunt, asking the Court to permit her to withdraw from the case. The Court held a hearing on these matters on July 16, 2010. Having considered both motions, the Defendant's Motion is denied, and Ms. Hunt's Motion is granted.

## I.      Factual Background

The Defendant, Marshall H. Foskey, was indicted on March 10, 2010 for allegedly violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, and 18 U.S.C. § 924(e), the Armed Career Criminal Act. Foskey was taken into custody soon thereafter.

Not long after being incarcerated, Foskey began to file motions on his own behalf. On March 23, 2010, Foskey filed a Motion to Appoint Counsel (Doc. 6) which the Magistrate Judge for the Middle District of Georgia granted, appointing the Federal Defenders of the Middle District of Georgia Inc. to represent Foskey. Despite being represented by appointed counsel, Foskey continued to file

motions on his own behalf.  Of particular interest here, on May 21, 2010 the Defendant filed his Motion Requesting a *Faretta* Hearing (Doc. 26).  In this motion Foskey sought to have the Court dismiss his attorney and allow him to represent himself.  At a hearing on the matter on June 14, 2010, however, the Defendant withdrew his motion to dismiss his counsel and for a *Faretta* hearing, as well as all of his other pro se motions.  Twenty-five days later, the Defendant filed the current Motion, again asking this Court to dismiss his attorney and to allow him to represent himself.

At the July 16th hearing, the Court examined the Defendant at length to determine whether his decision to represent himself was made knowingly and intelligently, as required by *Faretta v. California*, 422 U.S. 806 (1975).  Having thoroughly examined Foskey, the Court concluded that Foskey had not unequivocally asserted his right to self-representation and denied Foskey's Motion to represent himself.[1]  The Court sets out its reasoning below.

**II.     Discussion**

*A.     Foskey's Motion (Doc. 60)*

While a criminal defendant has a right to the assistance of counsel, a defendant also has the right to represent himself.  *Faretta v. California*, 422 U.S. 806, 832 (1975).  "The right to counsel . . . is preeminent over the right to self-representation because the former attaches automatically and must be waived affirmatively to be lost, while the latter does 'not attach unless and until it [i]s

---

[1] The Court is aware that Foskey has moved for reconsideration (Doc. 70) of the Court's oral denial of his second *Faretta* motion.  Foskey's motion clearly reveals his knowledge of the Court's concern that his assertion of his right to self-representation was not sufficiently unequivocal to satisfy *Faretta*.  That motion for reconsideration will be considered at the pretrial conference.

asserted.'" *Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir. 1991). To that end, a defendant wishing to represent himself "must clearly and unequivocally assert the right to self-representation." *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1064 (11th Cir. 1986). However, even if a defendant makes such an assertion, he is not automatically entitled to self-representation. Because the defendant relinquishes so many benefits by abandoning his right to counsel, he "must 'knowingly and intelligently' forgo those relinquished benefits." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* Thus, it is the district court's responsibility to determine whether the defendant's unequivocal assertion of his right to self-representation is made knowingly and intelligently.

The ideal method for such an inquiry is to hold a pretrial hearing (called a *Faretta* hearing). At this hearing, the Court should inform the defendant of the charges, basic trial procedure and the hazards of self-representation. *United States v. Cash*, 47 F.3d 1083, 1088 (11th Cir. 1995). As the Eleventh Circuit Court of Appeals wrote:

> To satisfy itself as to the validity of a waiver of the right to counsel, the trial court should do more than ask *pro forma* questions; [it] should explain the difficulties inherent in any criminal trial, including the importance of evidentiary rules. General questions are insufficient; the court must inform the defendant of charges, included offenses and possible range of punishment.

*Id.* (internal citations and quotations omitted). The timing of the hearing determines how thorough the hearing should be. "The closer to trial an accused's waiver of the right to counsel is, 'the more rigorous, searching and formal the questioning of the trial judge should be.'" *Id.*

The main issue in this case, as became apparent at the *Faretta* hearing, is whether Foskey made a sufficiently clear and unequivocal assertion of his right to self-representation. As will be shown below, Foskey did not make such an assertion.

In a pro se motion filed shortly after his detention, Foskey asked the Court to appoint counsel to represent him because he was "ignorant in the ways of criminal procedure and law" and, "due to the complex nature of the procedures and laws involved," he would not be "able to understand the procedures and laws involved in this case . . . ." Although knowledge of substantive law and procedural rules is not a prerequisite to the exercise of the right to represent oneself, this motion reveals that Foskey, because of his lack of legal knowledge, did not want to represent himself.

Soon after the Court granted Foskey's motion for appointment of counsel, Foskey asked the Court to allow him to represent himself. However, prior to a the hearing on his first *Faretta* motion, Foskey met with his counsel and agreed to let the federal public defender continue to represent him. Foskey also withdrew all his other pro-se motions.

At the hearing on his second *Faretta* motion, Foskey still did not unequivocally ask that he be allowed to represent himself. Rather, he said he

wanted to represent himself *if* he could have the assistance of "standby counsel," whose role, according to Foskey, would be to investigate the case according to Foskey's instructions, to provide advice and expertise on federal substantive and procedural law, and generally to assist Foskey as he had need. *Faretta* and its progeny, however, do not contemplate such a broad role for standby counsel. The Court's concern was that if Foskey asserted his right to self-representation under an incorrect understanding regarding his rights and what he would be entitled to under the law, or if his assertion was conditioned on what the Court would provide him, then that assertion would not be made in a manner that would satisfy *Faretta's* requirements.

Because of this concern, the Court undertook to further examine Foskey regarding his assertion of his right to self-representation. Foskey's answers revealed that his assertion of his right to self-representation was conditioned on receiving either special standby counsel or an investigator, and was therefore not unequivocal. At the hearing, the Court said the following to Foskey:

> [W]hat I want Mr. Foskey to understand today is that he has to make a decision of whether or not he's going to represent himself not contingent on what might happen or what he might be provided in the future. You are entitled to certain things in the preparation of your defense and we can address those at the appropriate time. But that is not a factor in the decision that we have to decide today.

(Hearing Transcript 31.) Foskey replied:

> Begging the court's pardon[,] it has everything to do with it because if I would represent myself, that is great. But the thing about it is if I'm not going to be allowed anything, I'm stuck in a cell you bring me back for the trial. I had no chance[,] no opportunity to prepare a defense[,] no opportunity to find out what the state witnesses—I don't even know who the state's witnesses are at this point. I have no idea who they are going to call.

-5-

(*Id.*) Foskey essentially admitted that his statement was not an unconditional assertion of his right to self-representation:

> And I know I'm kind of saying, well, I would like to represent myself but if I'm going to be handcuffed and gagged it's a moot point. I know we're not going to do that but what I'm trying to say is this[,] I have got to kind of get a halfway understanding of what I'm going to be entitled to as far as what am I going to be—am I going to be given this and this and that, am I going to be allowed to have this to prepare my defense[?] If I'm not going to be allowed anything then I wouldn't be very smart to say I'm going to represent myself and not be allowed to have anything. . . . So I'm trying to say what am I going to be able to have[?] If I'm not going to be able to have nothing, well I withdraw my motion to represent myself. Because I would be pretty stupid to try to pursue that and not having anything. I want to be able to get an investigator.

(*Id.* at 32-33.)

Later, after making other similar statements,[2] Foskey did attempt to hedge his previous comments by saying:

> Now, I'm not asking for unlimited access to [the] law library, unlimited access to [an] investigator. I'm not asking for none of that. I will file a motion and at the court's discretion I will be entitled to this or I will not be entitled to it. I know what I'm doing, Your Honor.

(*Id.* at 43.) Even considering this last statement, however, Foskey's assertion of his right to self-representation was anything but clear and unequivocal. Foskey asserted his constitutional right, but would only exercise it if the Court met certain

---

[2] "All I'm trying to say is, okay, write down on a piece of paper[,] say[,] okay[,] if you represent yourself you have got a right to file this motion to get an investigate [*sic*]. You've got a right to file a motion to get your legal books. You've got a right to file this. I don't know how to file it. I know how to make a motion and I want to get this[,] and this is what I need." *Id.* at 35-36. "I do want to represent myself, Your Honor, but if I'm not going to be able to prepare an affirmative defense as I stated[,] if I'm not going to be able to pursue those[,] then it's a moot point, I need a lawyer. But if I'm going to be able to pursue those in some fashion and familiarize myself with the laws involved[,] then yes[,] I want to go forward and represent myself. This is either[/]or." *Id.* at 36-37.

conditions. Thus, Foskey failed to assert clearly and unequivocally his right to self-representation. Therefore, the Motion (Doc. 60) is denied.

B.  *Christina Hunt's Oral Motion*

Christina Hunt, counsel for Foskey, made an oral motion at the *Faretta* hearing requesting the Court's permission to withdraw as counsel for Foskey. It is clear to the Court that Foskey's relationship with Ms. Hunt has deteriorated to the point where Ms. Hunt can no longer adequately represent him. Therefore, the oral motion to withdraw is granted. The Court will appoint Reza Sedghi to represent Mr. Foskey.

**SO ORDERED**, this 22nd day of July, 2010.

s/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

jch